**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Peter James WILLIAMS, Defendant–Appellant.**

No. 88–2528.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 22, 1989.

Decided May 4, 1990.

Steven Shobat, David J. Stetler, Asst. U.S. Attys., Office of the U.S. Attys., Criminal Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Lauren J. Weil, Federal Public Defender, Office of the Federal Public Defender, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, COFFEY, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

A two-count indictment charged Peter James Williams with robbing the First Illinois Bank of Evanston, in violation of 18 U.S.C. § 2113(a), and with possessing a firearm during the bank robbery, in violation of 18 U.S.C. § 924(c). Williams pleaded guilty to the bank robbery. In exchange, the government dismissed the firearm possession count. Williams was sentenced pursuant to the United States Sentencing Commission Guidelines (the "Guidelines"). At the sentencing hearing, the district judge determined that Williams' total offense level was 20 and that his Criminal History Category was III. Under those calculations, the applicable Guidelines sentencing range was 41 to 51 months. The judge concluded, however, that an upward departure from the Guidelines was warranted and sentenced Williams to 63 months in prison. The judge reasoned that a consolidated sentence Williams received in state court for two previous bank robberies caused Williams' Criminal History Category to underrepresent his criminal history and the likelihood he would commit further crimes. The judge also reasoned that there were two additional aggravating circumstances the Guidelines did not seem to account for —(1) the repeat nature of Williams' bank robberies and (2) the danger created by the fact that Williams was under the influence of drugs at the time he possessed or threatened the use of a firearm during his bank robberies.

On appeal, Williams objects to the district court's decision to depart upward from the Guidelines sentencing range. Williams contends that the district judge relied on improper grounds to justify the upward departure. In addition, Williams contends that even if the grounds were proper, his sentence must be reversed because he did not receive proper notice regarding two of those grounds. For the reasons discussed below, we affirm Williams' sentence.

## Propriety of the Upward Departure

■ We review a district court's departure from the Guidelines sentencing range to determine whether it was reasonable in light of the district court's explanations for its departure at the time of sentencing. 18 U.S.C. §§ 3553(c), 3742(e)(3); *United States v. Jordan*, 890 F.2d 968, 972 (7th Cir.1989); *United States v. Miller*, 874 F.2d 466, 471 (7th Cir.1989). Review of a departure is essentially a three-step process.

First, we must determine whether a district court's stated grounds for departure are of a kind that may appropriately be relied upon to justify a departure. This is a question of law and thus, we apply essentially a *de novo* standard of review. *See United States v. Schmude*, 901 F.2d 555, 558–559 (7th Cir.1990); *United States v. Missick*, 875 F.2d 1294, 1301–02 (7th Cir. 1989); *Miller*, 874 F.2d at 468; *United States v. Burns*, 893 F.2d 1343, 1345 (D.C. Cir.1990); *United States v. White*, 893 F.2d 276, 279 (10th Cir.1990); *United States v. Rodriguez*, 882 F.2d 1059, 1067 (6th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1144, 107 L.Ed.2d 1048 (1990); *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *United States v. Ryan*, 866 F.2d 604, 610 (3rd Cir.1989).

Second, we review whether the facts that underlie the grounds for departure actually exist in a given case. In reviewing this as well as other factual questions, we shall accept the district court's findings unless they are clearly erroneous. 18 U.S.C. § 3742(e); *Jordan*, 890 F.2d at 972; *Missick*, 875 F.2d at 1301.

■ Finally, we must determine whether the degree of departure was reasonable. While we always apply a deferential standard in reviewing degree of departure, our method of review will vary depending on the type of departure we are reviewing. For instance, if an inadequate Criminal History Category is the ground

warranting a departure, Guideline § 4A1.3 requires a sentencing judge to reference the Guideline sentencing range 'that would apply to the defendant if he was in the Criminal History Category that most accurately reflects his true criminal history. Guidelines § 4A1.3; *Miller*, 874 F.2d at 470–71. When reviewing degree of departure for inadequate Criminal History Category, we will give considerable leeway to a sentencing court's determination of what Criminal History Category most accurately reflects the defendant's actual criminal history. On the other hand, if an inadequate Criminal History Category is a factor warranting departure but the defendant is already in the highest Criminal History Category (VI), or if the factors warranting departure are something other than inadequate Criminal History Category, the procedure in § 4A1.3 is not applicable. In this situation, the question of proper degree of departure is solely one of reasonableness. *Schmude*, at 560. Here, we will afford a district judge considerable leeway in determining whether the degree of departure corresponds to the number and the nature of the grounds which warrant departure. *Id.; Jordan*, 890 F.2d at 977.

■ In light of these standards, we believe the district judge relied on proper grounds to justify a departure and that the degree of departure was reasonable.

At Williams' sentencing hearing, the district judge identified three grounds he believed warranted an upward departure. First, he found that Williams' Criminal History Category underrepresented Williams' criminal history and the likelihood that Williams would commit further crimes. Williams committed two bank robberies prior to the one at issue in this case, one in November, 1981, and one in December, 1981. Williams was charged in a single indictment for two counts of robbery. He pleaded guilty to both counts in the Circuit Court of Cook County. These two offenses were consolidated for sentencing, resulting in a sentence of 90 days imprisonment and four years probation. Under Guideline § 4A1.1(b), Williams was assessed two criminal history points for this previous

sentence of 60 days or more. In addition, he received two criminal history points for committing the present bank robbery while on probation. These four criminal history points put Williams in Criminal History Category III.

The district judge found that the two points Williams received for his two previous bank robberies caused Williams' Criminal History Category to seriously underrepresent his actual criminal history. The judge reasoned that Williams received merely two points only because the indictment and sentence for the two bank robberies were consolidated. The judge noted that if Williams had received two convictions and had been sentenced separately for his previous bank robberies, Williams could be sentenced as a career offender under Guideline § 4B1.1. Had that Guideline applied, Williams would have been exposed to a sentencing range of 151–188 months instead of 41–51 months.

We agree with the reasoning of the district judge. Guideline § 4A1.3 states that a court may depart upward from an otherwise applicable Guideline range if reliable information indicates that a defendant's Criminal History Category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood the defendant will commit further crimes. Several courts have held that the Guidelines specifically contemplate departure on the ground that a previous consolidated sentence can cause a defendant's Criminal History Category to underrepresent his actual criminal history. *United States v. White*, 893 F.2d 276, 279–80 (10th Cir.1990); *United States v. Geiger*, 891 F.2d 512, 514 (5th Cir.1989); *United States v. Dorsey*, 888 F.2d 79, 81 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990); *United States v. Anderson*, 886 F.2d 215, 216 (8th Cir.1989); *United States v. Jackson*, 883 F.2d 1007, 1009 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 747, 107 L.Ed.2d 764 (1990); *United States v. Roberson*, 872 F.2d 597, 607 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). In calculating a defendant's Criminal History Category, prior sentences in "related

cases" are to be treated as one sentence. Guidelines § 4A1.2(a)(2). The Application Notes accompanying the Guidelines state that cases are related if, among other things, they were "consolidated for trial or sentencing." Guidelines § 4A1.2 Application Note 3. However, the Application Notes also recognize that strict application of the "related case" criteria may not properly reflect a defendant's criminal history. The Sentencing Commission noted that its definition of "related cases" may result in "instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public." Guidelines § 4A1.2 Application Note 3. As an example of such an instance, the Commission stated that "if the defendant commits a number of offenses on independent occasions separated by arrests, and the resulting criminal cases are consolidated and result in a combined sentence of eight years, counting merely three points for this factor will not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes. In such circumstances, the court should consider whether departure is warranted." *Id.* [1]

This case presents precisely the type of situation with which the Commission was concerned. The Guideline Application Notes clearly demonstrate that the Commission expected sentencing judges to account for consolidated sentences in determining the adequacy of a defendant's Criminal History Category. Thus, the district judge properly considered the effect of Williams' consolidated sentence as a ground for departure.

■ Williams contends that the district judge did not base his finding of inadequate Criminal History Category on "reliable information" within the meaning of § 4A1.3. Williams argues that the court's information about his consolidated sentence was not reliable because the record is silent

regarding the reasons for the consolidated sentence. We agree with the district judge that the reasons for consolidating the state charges and sentence are not important to determining the sentence in this case. The factual circumstances of the two previous bank robberies were detailed in the pre-sentence report and are not contested by Williams. The undisputed facts are that Williams committed two bank robberies at two different times but received a consolidated sentence in state court for those offenses. The consolidated charge and sentence do not lessen Williams' culpability for committing two separate bank robberies. Thus, the facts before the district judge were reliable for the purpose of determining whether Williams' Criminal History Category adequately reflected his actual criminal history.

■ As a second ground for departure, the district judge reasoned that the Guidelines did not adequately account for the repeat nature of Williams' bank robberies. In *United States v. Schmude,* 901 F.2d 555, 559 (7th Cir.1990), this court joined the Fifth Circuit in holding that similarity between previous convictions and the charged offense supports a finding of inadequate criminal history level. *See United States v. De Luna–Trujillo,* 868 F.2d 122, 125 (5th Cir.1989) (upholding departure for marijuana possession based on similarity between that offense and previous conviction for possession of marijuana); *United States v. Fisher,* 868 F.2d 128, 130 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 111, 107 L.Ed.2d 73 (1989) (upholding departure for transporting a stolen tractor based, in part, on repeated convictions for possession of stolen trucks). While recognizing that convictions for previous similar offenses are already computed into a defendant's Criminal History Category, we stated in *Schmude* that, "[r]ationally, if a defendant has been convicted for the same offense more than once, he has demonstrated the need for greater sanctions to deter him

---

1. The Commission is applying Guideline § 4A1.1(a) when it refers to "counting merely three points" for a prior sentence of eight years.

Section 4A1.1(a) assigns a defendant three criminal history points for each prior sentence exceeding one year and one month.

from committing that same crime again—greater sanctions than might be required for a defendant who has never been convicted of a similar offense." At 559.

In November, 1981, Williams robbed the First Bank of Evanston. He presented the bank teller with a note stating: "Gun in right pocket. Five seconds to hand over all 100's and 50's." In December, 1981, Williams robbed the same bank again and presented the teller with a note stating that he had "a gun in his right pocket. All 100's, 50's, 20's." During the bank robbery at issue in this case, Williams carried a firearm and threatened the teller with a note stating he would use the gun if she did not meet his demands. The district judge found that Williams was under the influence of drugs during the commission of each robbery and that the robberies were motivated in part by his need to maintain his drug habit. This repeat pattern of conduct demonstrates that Williams does not recognize the gravity of his wrong. It also suggests an increased likelihood, not accounted for in Williams' Criminal History Category, that he will repeat the same offense yet again. Therefore, it was proper for the district judge to conclude that a greater sanction was required to deter Williams from attempting yet another bank robbery.

Williams argues that as a third ground for departure, the district judge relied solely on the fact that Williams possessed a firearm during the bank robbery at issue in this case. Williams correctly points out that his firearm possession during the charged bank robbery was already taken into account in computing his Guideline sentencing range. Guideline § 2B3.1(b)(2)(C) provides for a three point increase in offense level if a defendant possessed a firearm during a robbery. These three points were assessed to Williams in computing his total offense level of 20. We disagree, however, with Williams' contention that the district judge relied solely on Williams' firearm possession as a ground for departure. A common sense reading of the entire sentencing transcript demonstrates that the judge relied not on firearm possession alone, but on the added danger arising from the fact that Williams was under the influence of drugs when he possessed a firearm during the charged offense and when he threatened bank tellers during previous bank robberies.[2]

It was proper for the district judge to rely on this ground to justify an upward departure. The policy statement that governs departures premised on the use of a weapon states that the extent of a departure, "should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others." Guidelines § 5K2.6 (Policy Statement). The general thrust of this policy statement is that a departure for possession or use of a firearm should be assessed on account of the firearm's potential for danger and risk of harm. The Guideline that governs firearm possession during robbery does not address the danger or the

2. Williams makes much of the fact that, before imposing sentence, the district judge stated that one ground justifying a departure is "the terrible danger that (the bank robberies) represent because of the presence of a weapon." When read in context of the entire sentencing proceeding, it is apparent that when the judge spoke of "danger," he was referring at least in part to the danger arising from the fact that Williams was under the influence of drugs during the bank robberies. Before making the statement quoted above, the district judge stated that he was deeply disturbed that Williams was not in control because of his drug habit and that Williams' lack of control increased the danger in the charged bank robbery simply because Williams came in armed. The judge explained that the added danger arose from the uncertainty of whether anyone in the bank was going to engage in some kind of activity that would be viewed as threatening in the mind of a person under the influence of drugs.

Further, the judge stated that the desperation present in a person under the influence of drugs is the very factor that can set off a terrible incident because a handgun is available. Later in the sentencing hearing, the judge emphasized that Williams not only demonstrated a disposition for making threats to bank tellers, he also demonstrated an ability to carry out those threats because he was under the influence of drugs.

These statements make it apparent that much of the "danger" the judge was concerned about during the bank robberies arose from the fact that Williams was under the influence of drugs.

risk of harm that arises from possessing a firearm while under the influence of drugs. It was reasonable for the district judge to conclude that Williams' possession of a firearm while under the influence of drugs materially increased the risk of harm to potential victims because Williams could lose control of his actions or because his altered perception could lead him to inappropriately interpret the actions of a bank teller. In this sense, the risk of harm associated with possession of a firearm while on drugs is different, in kind and degree, from the risk associated with possession by a defendant with a clear mind in control of his actions.

■ Williams also contends that the degree of departure was unreasonable. The district judge departed from a Guideline range of 41–51 months to a sentence of 63 months. Williams' Criminal History Category was III. Williams' 63 month sentence was within a Guideline range that would have applied if his Criminal History Category was IV. As we previously stated, when departing on the basis of inadequate Criminal History Category, a sentencing judge has broad discretion to determine what Criminal History Category most accurately reflects a defendant's actual criminal history. It was well within the discretion of the district judge to conclude that the consolidated state sentence and the repeat nature of bank robberies justified Williams being sentenced as a Category IV defendant rather than a Category III defendant. Most important in this regard is that Williams could have been sentenced as a career offender facing a Guideline range of 151–188 months if he had received two separate convictions for his previous bank robberies. Given this, it was certainly reasonable for the district judge to sentence Williams to 63 months.

■ Finally, we note that even if the grounds that evidence an inadequate Criminal History Category would not have, standing alone, justified the entire 12 month departure, Williams' possession of a firearm while under the influence of drugs would have made up any deficiency.

## Adequacy of Notice

■ Williams contends he did not receive adequate notice that the district judge would depart on the grounds of his pattern of bank robberies or the added danger created by his firearm possession while under the influence of drugs, and thus, the judge could not properly depart on those grounds. Williams points out that the pre-sentence report did not indicate that these two grounds would be used to support a departure. Williams argues that this is crucial, because Rule 32 of the Federal Rules of Criminal Procedure requires the pre-sentence report to explain all grounds the sentencing judge intends to rely upon for departure.

Courts that have spoken to this issue have all held that Rule 32 does not require a sentencing judge to rely exclusively upon departure grounds that have been explained in the pre-sentence report. *United States v. Cervantes*, 878 F.2d 50, 56 (2nd Cir.1989); *United States v. Nuno–Para*, 877 F.2d 1409, 1415 (9th Cir.1989); *United States v. Otero*, 868 F.2d 1412, 1415 (5th Cir.1989). Rule 32(a)(1) provides, "[a]t the sentencing hearing, the court shall afford the counsel for the defendant ... an opportunity to comment upon the probation officer's determination and *on other matters relating to the appropriate sentence*" (emphasis added). Courts have interpreted the rule to require that the grounds for departure must either be identified in the pre-sentence report, *or* by the sentencing court at the defendant's sentencing hearing. *Cervantes*, 878 F.2d at 56; *Nuno–Para*, 877 F.2d at 1415; *Otero*, 868 F.2d at 1415. If the court relies on factors not raised in the pre-sentence report, however, the court must highlight those factors in a fashion that conveys their significance to defense counsel, *Cervantes*, 878 F.2d at 56, and give defense counsel an opportunity to address the court regarding those factors. *Nuno–Para*, 877 F.2d at 1415; *Otero*, 868 F.2d at 1415. In addition, Guideline § 6A1.3(a) states that, "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor."

The transcript of Williams' sentencing hearing illustrates that during the course of the hearing and before imposing sentence, the district judge highlighted all of the grounds he relied upon to justify the departure. In addition, the judge gave Williams' counsel several opportunities to orally object to both the grounds for departure and the factual bases underlying those grounds. Before imposing sentence, the district judge stated that he was disturbed by the fact that Williams was under the influence of drugs at the time he possessed a firearm during the bank robbery at issue in this case. Defense counsel was afforded and took the opportunity to respond to the judge's concerns on this issue. The judge also informed defense counsel that Williams' pattern of conduct was a most troublesome factor to him. Again, defense counsel was afforded and took the opportunity to respond to the judge's concern about Williams' pattern of conduct. In addition, the judge stated that he was seriously considering an upward departure because of the number of incidents in which Williams had threatened bank tellers with harm, with no assurance that Williams would not carry out those threats since he was under the influence of drugs at the time.

Finally, after imposing sentence and stating the grounds for departure, the judge asked defense counsel if there were any questions about the nature of the sentence. Defense counsel did not object to inadequate notice of the departure grounds nor did counsel ask for an adjournment or further opportunity to respond to the factual bases underlying those grounds. Both before and after imposing sentence, the district judge gave defense counsel opportunities to object to the departure grounds and the facts underlying those grounds. This procedure complied with the requirements of Rule 32 and § 6A1.3.

For the foregoing reasons, the sentence of the district court is AFFIRMED.