**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter DZIELINSKI, Defendant–Appellant.**

**No. 90–1021.**

United States Court of Appeals, Seventh Circuit.

Argued July 11, 1990.

Decided Sept. 13, 1990.

---

Stephen J. Liccione, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Terrence M. Keegan, Milwaukee, Wis., for defendant-appellant.

Before WOOD, Jr., MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Defendant–Appellant, Walter Dzielinski, pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced the defendant to 87 months in prison. That sentence represented an upward departure from the sentencing range set by the United States Sentencing Commission Guidelines (Guidelines). Dzielinski appeals, challenging the departure.

## I. Background

On September 1, 1989, the defendant entered the Republic Savings Bank in Elm Grove, Wisconsin. He presented the teller with a note demanding money. As he did so, the defendant pulled back his jacket to reveal what appeared to be a gun tucked into the waistband of his blue jeans. Subsequently, it was determined that the weapon was actually a starter's pistol. The teller opened her cash drawer and put approximately $3,800.00 in a bag provided by the defendant. An explosive dye pack and bait bills were included with the money. As the defendant and his co-defendant were driving away, the dye pack exploded and they discarded the bag and the money.

On the following day, the defendant entered the North Shore Bank in Brookfield, Wisconsin. As the defendant approached a teller, she recognized him from a recent flyer warning of other bank robberies in the area; therefore, the teller pulled the bait money from her drawer activating the bank's camera and alarm systems. The defendant handed her a note demanding

that she give him the money in her drawer. The note indicated that he had plastic explosives, and the defendant patted his waist as if to indicate that the explosives were located there. The teller put approximately $2,500.00 in the bag and the defendant left the bank. Shortly after leaving the bank, the car in which the defendant was driving was stopped by the police. The defendant was arrested. A search of his car incident to his arrest revealed the money that the defendant stole from the North Shore Bank and evidence of an exploded dye pack from the robbery of the previous day.

On October 5, 1989, the defendant was charged in an information with the two bank robberies explained above. The defendant entered into plea negotiations with the government because he had also been selected out of a line-up by bank tellers from three other banks as being the person responsible for robberies that had occurred at those institutions. According to the terms of the plea agreement, defendant pled guilty to the counts of the information and admitted his involvement in the other three robberies. They were included for purposes of figuring his sentencing range under the Guidelines; however, he was not formally charged with the additional robberies.

A presentence report was prepared for the defendant's sentencing hearing. In the report, the probation department calculated the defendant's total offense level as 23 and determined that the defendant had a Criminal History Category score of II, establishing a sentencing range of 51 to 63 months. The probation department included a section in the presentence report listing factors that possibly might warrant departure from the Guidelines. The government also argued for an upward departure. Judge Stadtmueller agreed and sentenced the defendant to 87 months in prison.

## II. Analysis

Dzielinski raises only one issue on appeal. He challenges the district court's upward departure from the Guidelines in his sentencing. The defendant maintains that the district court improperly raised his Criminal History Category score by four points elevating him from Category II to Category IV. The district court based its upward departure on two factors: its determination that the defendant's Criminal History Category under-represented the seriousness of his previous criminal conduct and the likelihood that he would commit future crimes; and, the defendant's threatened use of what purported to be a gun and plastic explosives in the commission of the bank robberies. The defendant asserts that those grounds were improper and cannot be used to justify the departure.

In *United States v. Williams*, 901 F.2d 1394 (7th Cir.1990), this court noted that the district court's departure from the Guidelines is reviewed to determine whether "it was reasonable in light of the district court's explanation for its departure at the time of sentencing." *Id.* at 1396 (citations omitted). In addition, the *Williams* court noted that review of a departure is a three-step process. Initially, the court determines whether the grounds for departure relied upon by the district court are the type that can be relied upon to justify a departure. The *Williams* court recognized that this inquiry is essentially a question of law which is reviewed de novo. Next, the reviewing court determines whether facts which support the grounds for departure actually exist in the case. The district court's decision on this issue is a factual determination reviewable under a clearly erroneous standard. Finally, the reviewing court determines whether the degree of departure is reasonable. The district court is granted considerable deference in its decision as to whether the degree of departure corresponds to the nature of the grounds for departure. *Williams*, 901 F.2d at 1396–97.

Section 4A1.3 of the Guidelines provides in relevant part:

If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the

likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:

(a) prior sentence(s) not used in computing the criminal history category....

The district court determined that in this instance the defendant's criminal history did not adequately reflect the seriousness of his past criminal activity or the probability of recidivism. In making that decision, the district court focused on the similarity between the defendant's previous convictions and the bank robberies that are the subject of this case. The defendant admitted at his sentencing hearing that he committed the bank robberies because he needed the money to pay back a man whom he had apparently conned in an investment scheme. The district court added criminal history points for the defendant's previous convictions not included in the calculation of his Criminal History Category: a November 14, 1967 conviction for issuing a worthless check, a November 20, 1971 conviction for uttering and publishing a forged document, an August 5, 1974 conviction for five counts of issuing a worthless check and one count of theft, an October 28, 1976 conviction for theft by fraud, and a January 21, 1977 conviction for failure to support. When those convictions were factored into the computation of the defendant's Criminal History Category score, four points were added and the defendant was elevated from a Category II to a Category IV Criminal History.

In making his decision to depart from the Guidelines on the basis of the inadequacy of the criminal history score, the district judge noted the similarity between the motive for the bank robberies and the defendant's other convictions for fraudulent financial transactions. At the sentencing hearing, Judge Stadtmueller noted that there was "more than sufficient nexus as between the motive for these bank robberies and Mr. Dzielinski's prior course of criminal conduct to depart from the Guidelines...."

In *United States v. Schmude*, 901 F.2d 555 (7th Cir.1990), this court adopted the position previously taken by the Fifth Circuit that if the defendant has a similar prior conviction to the one for which he is being sentenced, an upward departure from the Guidelines based upon a finding of inadequate criminal history is warranted. The *Schmude* court noted that:

Rationally, if a defendant has been convicted for the same offense more than once, he has demonstrated the need for greater sanction to deter him from committing the same crime again—greater sanction than might be required for a defendant who has never been convicted of a similar offense.

*Id.* at 559; *See also United States v. Williams*, 901 F.2d 1394, 1398–99 (7th Cir. 1990) ("[S]imilarity between previous conviction and charged offense supports a finding of inadequate criminal history level.").

In this instance, although the defendant did not have previous bank robbery convictions, there was, as the district court noted, a striking similarity between the motivation for the robberies and the motivation for the defendant's past criminal conduct. The cases which have recognized that prior similar convictions suggest the need for an upward departure from the Guidelines have involved instances where the defendant has committed the same offense; however, the rationale in those cases is equally applicable in this case. The defendant has a history of white-collar financial convictions for which he has received probation. In this instance, the defendant admitted at his sentencing that he committed the bank robberies because the victim of an investment scheme was demanding repayment of the money that the defendant took from him. Due to the underlying similarity between the motive for the robberies at issue herein and the motive for the defendant's past criminal conduct, logically, a greater sanction is required to deter similarly-motivated crimes in the future.

The pattern of the defendant's criminal conduct reveals that he has consistently become involved in fraudulent financial

**102**

transactions. In this instance, that involvement led to the commission of bank robberies to obtain the money to repay the victim. The repeat pattern of his conduct indicates that he does not recognize the wrongfulness of that conduct. It further indicates a penchant for committing white-collar financial crimes, which increases the likelihood that he will commit future crimes. The district judge's departure in this instance was, therefore, an appropriate response to the inadequacy of the defendant's Criminal History Category.

■ The district court also relied upon the failure of the Guidelines to adequately consider the threat posed by the possession of what appeared to be a dangerous weapon in the commission of a robbery. The version of § 2B3.1 of the Guidelines applicable in this case did not provide for an increase in the offense level based upon the apparent possession of a dangerous weapon. Section 2B3.1 has subsequently been amended to require a three-level increase from the base offense level if a dangerous weapon was brandished, displayed, or possessed during the robbery. In light of the fact that the Commission subsequently amended the Guidelines to address the concern of the district judge, it appears that at the time of the sentencing, the Guidelines did not adequately address the situation where the defendant possessed what appeared to be a dangerous weapon. The district court properly identified an aspect of the Guidelines which was insufficient; therefore, his upward departure based in part on the recognized inadequacy of the Guidelines was appropriate.

■ Having determined that the grounds for the district court's departure in this case were appropriate, we must consider the reasonableness of the departure herein. In *United States v. Miller*, 874 F.2d 466 (7th Cir.1989), this court recognized that any enhancement of the Criminal History Category under the Guidelines "must be made by reference to the higher criminal history categories and their intended applicability." *Id.* at 470. Similarly, in *United States v. Ferra*, 900 F.2d 1057, 1062 (7th Cir.1990), and *United States v.*

*Franklin*, 902 F.2d 501, 506 (7th Cir.1990), this court reiterated that in making an upward departure based on the inadequacy of the defendant's criminal history, the district court is to refer to the guideline range for a higher Criminal History Category to determine which Category most accurately reflects the defendant's actual criminal history. In this instance, the district judge used this procedure in determining the degree of departure. He noted that if the defendant's similarly-motivated crimes were factored into his criminal history score, he would have been elevated to a Category IV Criminal History. As a result, the district judge sentenced the defendant at the upper end of the guideline range of a Category IV defendant. It was well within the district judge's discretion to conclude that the nature of the defendant's criminal history indicated that he more closely resembled a Category IV defendant; therefore, the decision to sentence the defendant as such was proper under the Guidelines.

The district court based its departure on appropriate grounds in this case. In addition, it followed the proper procedure in establishing the degree of departure; therefore, its decision is

AFFIRMED.