915 F.2d 1575
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Anthony THOMAS, Defendant-Appellant.
 No. 89-3468.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 2, 1990.
Decided Oct. 15, 1990.
 
 Before WOOD, JR., JOHN L. COFFEY, JOEL M. FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Anthony Thomas pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(D), and one count of possessing cocaine, in violation of 21 U.S.C. Sec. 844(a). The district judge sentenced Thomas to 48 months in prison. This sentence constituted an upward departure from the sentencing range set by the United States Sentencing Commission Guidelines. Thomas challenges the departure on appeal.
 
 
 2
 Thomas argues initially that he did not receive adequate notice of the district judge's intent to depart from the guidelines. United States v. Jordan, 890 F.2d 968 (7th Cir.1989), holds that nothing in Fed.R.Crim.P. 32(a)(1), the guidelines themselves, or the due process clause requires notice, in advance of a sentencing hearing, of the potential for an upward departure, provided that the defendant has an opportunity to address the calculation of the sentence and the circumstances of the case, and is not unfairly surprised with new evidence or information. Id. at 975; see also United States v. Williams, 901 F.2d 1394, 1400-01 (7th Cir.1990).
 
 
 3
 In this case the district judge did not expressly state, prior to imposing Thomas's sentence, that he intended to order an upward departure. (Tr. 8). Nevertheless, the transcript of Thomas's sentencing hearing shows that the district judge gave Thomas several opportunities to comment on the grounds identified by the Government as justifying an upward departure from the guidelines and on the circumstances of his case. (Tr. 36, 39-41, 51-52). First, at the conclusion of Special Agent Lawroski's testimony, the district judge asked Thomas and his attorney if either one of them had any reason why the court should not proceed to sentence. (Tr. 36). They both answered "no." (Id.). Second, Thomas and his attorney made their own statements to the court. (Tr. 36-41). Third, and finally, the district judge afforded Thomas's lawyer another chance to address the circumstances of Thomas's criminal conduct prior to sentencing. (Tr. 51-52). The transcript also shows that Thomas was not unfairly surprised with new evidence or information. He knew the Government was requesting a departure and the grounds on which it was based. (Tr. 8). In fact, the district judge ultimately premised his departure on one of these grounds. (Tr. 57-58).
 
 
 4
 Thomas argues primarily that the upward departure was unreasonable. United States v. Thomas, 906 F.2d 323 (7th Cir.1990), holds that a district judge, in deciding to depart from the guidelines, must " 'provide articulable reasons, of a type contemplated by the Act and Guidelines, and based on a sufficiently sound factual foundation to justify a departure from the Guidelines.' The [district judge] must state specific reasons for departing, preferably tying the reason for and extent of departure to a circumstance inadequately considered by a specific section or portion of the Guidelines." Id. at 328 (quoting United States v. Miller, 874 F.2d 466, 471 (7th Cir.1989)); see also United States v. Scott, No. 89-3512, slip op. at 8 (7th Cir. Sept. 28, 1990). Beyond the decision to depart, the district judge must also give reasons justifying the extent of departure. Id. at 329. In other words, the district judge "should, where possible, seek to 'link the extent of departure to the structure of the guidelines.' " Id. (quoting United States v. Ferra, 900 F.2d 1057, 1062 (7th Cir.1990)). "Absent a sufficient, particularized statement by the district court of the reasons for and extent of the departure, [the appellate court] must vacate the sentence and remand the case for the district court to satisfy the requirement." Id. at 328.
 
 
 5
 In this case the district judge did not sufficiently articulate his reasons for departing from the guidelines. His sentencing remarks were ambiguous and did not identify specific reasons for his departure. The Government thought that the district judge ordered a departure based on Thomas's offense-related conduct as a guard of the drug house, as permitted by Guideline Sec. 5k2.9. However, the district judge did not cite Sec. 5k2.9, or any other portion of the guidelines for that matter, when he gave his reasons for the upward departure.
 
 
 6
 It is arguable that the district judge based his departure on five grounds: (1) a finding that Thomas illegally possessed the firearm charged in count one for the purpose of facilitating drug sales ("I'm convinced that the weapons that were used here are--or that were carried here and available here, the one that you carried and the others were all for the purpose of facilitating drug sales and that you, in fact, were a habitue and guard at either one or both of these drug houses.") (Tr. 57-58); (2) the pending charges against Thomas in state court ("You face some substantial controversy in state court. And I'm struck by the fact that your trouble with Ruby Cole occurred after you had been arrested on this charge.") (Tr. 58; see Tr. 40); (3) Thomas's prior convictions for stealing cars ("Your mother calls stealing cars minor. Well, maybe that is in her mind, but it sure isn't in my mind.") (Tr. 58; see Tr. 39-40); (4) the drug and violence problems in Milwaukee County; and, possibly, (5) his refusal to sanction the drug and violence problems in Milwaukee County ("I'm afraid that you have become a part of the drug scene of Milwaukee County, a part of the violence scene of Milwaukee County, and I'm not going to permit that to the extent that I have any control over it.") (Tr. 58). Yet the propriety of some of these grounds is questionable. See, e.g., United States v. Gaddy, 909 F.2d 196, 201 (7th Cir.1990) (proper to consider pending charges); Thomas, 906 F.2d at 327 (improper to consider purely local conditions and the need for general deterrence); United States v. Schmude, 901 F.2d 555, 559 (improper to consider prior conviction already included in criminal history category). In any event, the district judge had an obligation "to provide specific, articulable reasons for departure, explaining why the Guidelines failed to adequately consider some aspect of this case, and none were provided here." Thomas, 906 F.2d at 328.
 
 
 7
 In addition, the district judge did not give reasons justifying the extent of his departure. There was no linkage of the extent of departure to the structure of the guidelines. The Government acknowledged this problem at oral argument, and conceded that a remand was necessary.
 
 
 8
 Because of the absence of clearly articulated reasons for the departure, and because these reasons were not linked to the structure of the guidelines, we vacate and remand for resentencing in conformity with the order.
 
 
 9
 VACATED AND REMANDED.