951 F.2d 353
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter James WILLIAMS, Defendant-Appellant.
 No. 88-2528.
 United States Court of Appeals, Seventh Circuit.
 Dec. 16, 1991.
 
 Before CUMMINGS, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Peter James Williams pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a), for which he was sentenced to 63 months imprisonment. We affirmed. United States v. Peter James Williams, 901 F.2d 1394 (7th Cir.1990). The Supreme Court in turn vacated that judgment and remanded the matter for our reconsideration in light of United States v. Burns. 111 S.Ct. 2182 (1991). Williams now asks us to reverse and remand his case for resentencing on the grounds that the district court failed to provide him adequate notice of its intention to make an upward departure from the sentencing guidelines.
 
 
 2
 The facts underlying Williams' sentence are fully stated in our previous opinion and only need brief mention here. At the sentencing hearing, the district judge determined that Williams' total offense level was 20 and that his criminal history category was 3, resulting in an applicable Guidelines sentencing range of 41 to 51 months imprisonment. The judge concluded, however, that an upward departure from the Guidelines was warranted and accordingly sentenced Williams to 63 months. In reaching this conclusion, the judge reasoned that: (1) Williams' criminal history points did not reflect his true criminal history due to a consolidated sentence he received for two previous bank robberies; (2) the Guideline range did not adequately account for the repeat nature of Williams' bank robberies; and (3) the Guideline range did not address the increased danger created by Williams' possession of a firearm while under the influence of drugs.
 
 
 3
 We affirmed Williams' sentence, holding that the district judge relied on proper grounds to justify a departure from the Sentencing Guidelines. Williams, 901 F.2d at 1397. We also rejected Williams' contention that he did not receive adequate notice that the district court would depart on the grounds of his pattern of bank robberies and the added danger created by his firearm possession:
 
 
 4
 The transcript of Williams' sentencing illustrates that during the course of the hearing and before imposing sentence, the district judge highlighted all of the grounds he relied upon to justify the departure. In addition, the judge gave Williams' counsel several opportunities to orally object to both the grounds for departure and the factual bases underlying those grounds. Before imposing sentence, the district judge stated that he was disturbed by the fact that Williams was under the influence of drugs at the time he possessed a firearm during the bank robbery at issue in this case. Defense counsel was afforded and took the opportunity to respond to the judge's concerns on this issue. The judge also informed defense counsel that Williams' pattern of conduct was almost troublesome factor to him. Again, defense counsel was afforded and took the opportunity to respond to the judge's concern about Williams' pattern of conduct. In addition, the judge stated that he was seriously considering an upward departure because of the number of incidents in which Williams had threatened bank tellers with harm, with no assurance that Williams would not carry out those threats since he was under the influence of drugs at the time.
 
 
 5
 Id. at 1401.
 
 
 6
 In Burns, the Supreme Court confronted a similar notice issue. There, the Court held that a district court may not depart upward from the sentencing range established by the Sentencing Guidelines without first providing the parties with reasonable notice of its basis for such a ruling. Burns, 111 S.Ct. at 2187. In reaching this conclusion, the Court explained that permitting district court's to depart from the Guidelines sua sponte without first affording notice to the parties would render meaningless the parties' express right under Rule 32 of the Federal Rule of Criminal Procedure "to comment upon ... matters relating to the appropriate sentence." Id. at 2186-87. Although the Court did not define "reasonable notice," it did indicate that such notice must identify the ground on which the district court is contemplating an upward departure. Id. at 2187. Williams now contends that he did not receive reasonable notice within the meaning of Burns because the district court failed to expressly state that it intended to depart on the basis of Williams' prior conduct and possession of a firearm while under the influence of drugs. We agree.
 
 
 7
 The sentencing procedure used in this case (apparently the first contested guidelines case in the Northern District of Illinois) was sufficiently analogous to that used in Burns to warrant our returning the matter to the district judge rather than affirming the sentence under United States v. Dillon, 905 F.2d 1034 (7th Cir.1990). Although the district court had expressed his concern over certain factors which might increase Williams' sentence, the court never specifically identified two of these factors as a basis for departure as required by Burns. Only at the actual imposition of his sentence did Williams first learn that his prior conduct and possession of a firearm would be cited as grounds for a departure.
 
 
 8
 Therefore, this cause is ordered remanded to the district court with direction to vacate the sentence imposed and to resentence the defendant consistent with the requirements of United States v. Burns.