954 F.2d 726
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald D. WILSON and Asterio Nieves, Defendants-Appellants.
 Nos. 91-2858, 91-2859.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 14, 1992.
 
 Before POSNER and FLAUM, Circuit Judges, FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Co-defendants Ronald Wilson and Asterio Nieves pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Wilson to a term of imprisonment of 36 months to be followed by 5 years of supervised release, and a $1000.00 fine. Nieves received a sentence of 240 months imprisonment to be followed by a 6 year term of supervised release, and a $1000.00 fine. Both defendants now appeal their respective sentences. Wilson argues that the district court erroneously departed upward from the Sentencing Guidelines in imposing his sentence. Nieves contends that the district court imposed an excessive sentence in his case. We affirm Wilson's sentence, and dismiss Nieves' appeal for lack of jurisdiction.
 
 I. Background
 
 2
 Acting undercover, Officer Poikey of the Indianapolis Police Department telephoned Wilson to arrange a cocaine purchase. Officer Poikey had found Wilson's telephone number in the possession of another individual whom Officer Poikey had arrested for drug dealing. In the course of this other investigation, Officer Poikey had learned that Wilson and a hispanic male had previously supplied cocaine. After a series of telephone conversations, a deal was arranged. Wilson and Nieves were arrested in Indianapolis, Indiana, when they attempted to deliver 5 ounces of cocaine to Officer Poikey. When apprehended, Wilson had been driving the car that brought the two men to the arranged delivery place, and Nieves carried the cocaine in his breast pocket.
 
 II. Ronald Wilson
 
 3
 In imposing sentence on Wilson, the district court decided to depart upwards one level from the Sentencing Guideline range. Wilson contests that departure as an abuse of discretion. We review upward departures from the guidelines under a three-step analysis. First, we determine whether the district court's stated grounds for departure in fact warrant a departure. This is a question of law subject to de novo review. Second, we review whether the stated facts for the departure exist. In this regard, the district court's fact findings are subject to the clearly erroneous standard. Lastly, we determine whether the degree of departure was reasonable. United States v. Williams, 901 F.2d 1394, 1396 (7th Cir.1990), cert. granted and vacated on other grounds, 111 S.Ct. 2845 (1991) (citations omitted).
 
 
 4
 Wilson primarily attacks the first prong of the analysis. He maintains that the sole reason the district court departed from the guideline range was because of a conviction as a habitual traffic offender which was not considered when calculating his guideline range. This single added conviction, he argues, does not merit an upward departure.
 
 
 5
 We believe Wilson misunderstands the reason for the district court's decision to depart upward. This decision was based on more than the additional conviction. The district court explained that "the history of the offenses here leading up to this particular offense are such that the criminal history category does not adequately state--or does not adequately account for his criminal background, and as such there should be an upward departure." (Sent.Tr. II at 7-8) (emphasis added). At the time of sentencing, Wilson's criminal background encompassed not only the habitual traffic offender conviction, but pending charges for, among other things, cocaine dealing and possession. The guidelines specifically allow an upward departure
 
 
 6
 [i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.... Such information may include ...
 
 
 7
 (d) whether the defendant was pending trial or sentencing on another charge at the time of the instant offense.
 
 
 8
 U.S.S.G. § 4A1.3. The impact of these pending charges was addressed by both parties before the sentencing court, and was discussed in the presentence report to which the defendant filed no objections. See United States v. Elmendorf, 945 F.2d 989, 995 (7th Cir.1991), cert. denied, 60 USLW 3521 (1992) (trial court need not set forth every prior offense relied on for departure so long as they are identified in presentence report or by court at sentencing hearing). We agree with the district court that the uncounted felony conviction coupled with the pending charges illustrate that Wilson's criminal history category was inadequate, and an upward departure was warranted.
 
 
 9
 Wilson does not challenge the factual basis of the information underlying the district court's decision to depart, so the second prong of our analysis is satisfied. Our final inquiry is whether the departure is reasonable. We believe that it is. Without any departure, Wilson would have fallen under level 16, criminal history category III, with a sentencing range of 27-33 months. The 36 month sentence actually imposed is not a "spectacular" departure. Cf. United States v. Fonner, 920 F.2d 1330, 1332 (7th Cir.1990). In determining the proper sentence, the district court stressed the fact that if the additional felony conviction had been counted under the guidelines, Wilson would have been in criminal history category IV. The district court elected to depart upward one level, to level 17, criminal history category III, with a range of 30-37 months. As the district court acknowledged, whether Wilson is assigned to level 17/category III or level 16/category IV makes no difference, since the sentence imposed falls within both ranges. (Wilson Sent. Hrg. at 8). The district court properly referenced the guidelines in determining the degree of departure. See United States v. Schmude, 901 F.2d 555, 559 (7th Cir.1990).
 
 III. Asterio Nieves
 
 10
 Nieves asserts that he played a minor role in the offense and that he should have received a lighter sentence. He claims that he should have been sentenced to 210 months, the minimum under his guideline range of 210-262 months.
 
 
 11
 Nieves does not assert that his sentence was the result of an incorrect application of the guidelines. His only complaint is that he was not sentenced to the low end of his guideline range. By virtue of 18 U.S.C. § 3742(a), however, this court lacks jurisdiction to review the propriety of a sentence that is within the applicable guideline range. See United States v. Guerrero, 894 F.2d 261, 267 (7th Cir.1990); United States v. Franz, 886 F.2d 973 (7th Cir.1989).[1]
 
 IV. Conclusion
 
 12
 For the foregoing reasons, Ronald Wilson's sentence is AFFIRMED, and Asterio Nieves' appeal is DISMISSED for want of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 On January 22, 1992, Nieves filed a pro se motion with this court requesting a discharge of his current counsel and appointment of new counsel. He alleges that his counsel was ineffective for failing to challenge the application of 21 U.S.C. § 841(b)(1)(B)(ii) to his sentence, and for failing to challenge his criminal record in open court. We note that Nieves was correctly sentenced pursuant to 21 U.S.C. § 841(b)(1)(C) and not under the provision he cites. Also, his attorney did challenge the inclusion of his pending criminal charges in the sentencing report, and the judge accepted the challenge. (Sent.Tr. I at 34). Because Nieves can point to no reason which would justify the discharge of his counsel at this late stage, his motion is denied