**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Christopher D. BROWN,**
**Defendant/Appellant.**

**Nos. 92–3166, 92–3167, 92–3168,**
**92–3169, 92–3170.**

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1993.

Decided July 22, 1993.

Mark D. Stuaan, Asst. U.S. Atty. (argued), Indianapolis, IN, for plaintiff-appellee.

Ellen M. O'Connor (argued), Indianapolis, IN, Mary F. Harkenrider, Anita K. Modak–Truran (argued), Kelly R. Welsh, ACC, Benna R. Solomon, Timothy W. Joranko, Office of the Corp. Counsel, Appeals Div., Chicago, IL, for defendants-appellees.

Before CUMMINGS and MANION, Circuit Judges, and RONEY, Senior Circuit Judge.*

PER CURIAM:

Defendant Christopher Brown appeals his sentence following a plea of guilty to five counts of bank robbery (18 U.S.C. § 2113(a) and (d)) and two counts of use of a firearm in the commission of a crime of violence (18 U.S.C. § 924(c)). He objects to the district court's decision to depart upward from criminal history category V to category VI, which added 12 months to his sentence. We affirm.

After his arrest in Indiana, Brown confessed to a series of five armed robberies in June, July and August, 1991, of several thousand dollars each from banking institutions in five different states: the Metz McKennan Federal Credit Union in Sioux Falls, South Dakota; the Anchor Federal Savings and Loan in Madison, Wisconsin; the United Federal Savings Bank in Peoria, Illinois; the Metropolitan Federal Bank in Des Moines, Iowa; and the Valley National Bank in North Mankato, Minnesota. All the robberies occurred following Brown's escape from Montana State Prison in October 1980. The indictments filed in the appropriate jurisdictions were all transferred pursuant to Rule 20, Federal Rules of Criminal Procedure, to the Southern District of Indiana where Brown had been arrested.[1]

---

* The Honorable Paul H. Roney, Senior Circuit Judge of the Eleventh Circuit, is sitting by designation.

1. "A defendant arrested, held, or present in a district other than that in which an indictment or information is pending against that defendant may state in writing a wish to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which that defendant was arrested, held, or present, subject to the approval of the United States attorney for each district."
Fed.R.Crim.P. 20(a).

■ Pursuant to a written plea agreement, the government reserved the right to argue for an upward departure in sentencing. The ultimate question on review of the court's upward departure from the sentencing guidelines is one of reasonableness. The judgment on this issue requires an understanding of what was considered in arriving at the presumptive sentence under the guidelines.

Following the guidelines, the specific provisions not being of concern on this appeal, the district court arrived at an adjusted offense level of 27: a base offense level of 20, 2 levels added because the property of financial institutions was taken in the robberies, 3 levels added because the defendant brandished, displayed or possessed a handgun during the robberies, 4 levels added treating the bank robberies as separate groups, and a 2 point reduction for acceptance of responsibility.

The guidelines gave a criminal history category of V: three prior convictions gave a score of 3 each for a total of 9, increased by 3 because the instant offenses were committed while defendant was on "escape" status, giving a total of 12 criminal history points and a criminal history category of V for 120 to 150 months.

On each of the five bank robbery counts, the court departed upward to a criminal history category of VI pursuant to guideline § 4A1.3 because of under-representation of Brown's criminal history. The court imposed concurrent sentences of 162 months for each of the bank robbery counts, twelve months higher than could have been given under Category V. It is this upward departure that is the subject of this appeal. Brown's total sentence for all the charges was 462 months, as he received 60 months for one firearm charge and 240 months for the other, to run consecutively.

Brown agrees that his offense level of 27 was properly determined. As to the upward departure, however, he contends that the district court did not articulate sufficient specific reasons for the departure as required by *United States v. Gaddy,* 909 F.2d 196, 198–99 (7th Cir.1990), relied upon arguments by the government that did not sufficiently establish aggravating factors, *see United States v. Wil-*

*son,* 884 F.2d 1355, 1356 (11th Cir.1989), and incorrectly applied U.S.S.G. § 4A1.3 to determine his criminal history.

■ Contrary to defendant's argument, the district court did adequately state grounds for departure. In finding that the calculated criminal history category of V inadequately reflected the defendant's criminal background, the court cited Brown's prior Canadian conviction for robbery, his pending state charge of attempted murder, and his pending state charge of escape, none of which had been counted in computing the criminal history points. The court also noted "the long and continuous criminal history for more than just this defendant's adult life." Brown's extensive criminal background was documented in the presentence report, and the district court's statements show that the court considered and relied upon it, even if the court did not recite all the facts contained in that report in detail. The defendant does not contest the accuracy of the information contained in that presentence report, his Canadian conviction or the other criminal matters with which he was involved.

■ The purpose in the requirement that a sentencing court adequately state the grounds for departure is that the parties and a reviewing court may know what the court relied upon, so that some judgment can be made as to whether the court properly followed the law as to the departure. *United States v. Elmendorf,* 945 F.2d 989, 994 (7th Cir.1991). A review of this record leaves no doubt as to the defendant's prior criminal activities which the court relied upon in departing from the presumptive V category to VI.

■ Knowing then what facts were relied upon by the sentencing court, a reviewing court must then consider whether those facts justify any upward departure. There is little question in this case but that the facts relied upon by the sentencing court are precisely the kind of facts that a court should rely upon in applying § 4A1.3 of the sentencing guidelines. The guidelines policy statement states that "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likeli-

hood that the defendant will commit other crimes, the court may consider imposing a sentence departing upward from the otherwise applicable guideline range." U.S.S.G. § 4A1.3, p.s.

The final question is whether the degree of departure was reasonable. *United States v. Williams*, 901 F.2d 1394, 1396 (7th Cir.1990). "The question of degree of departure is entirely one of reasonableness, and we give considerable leeway to a district court's determination of the criminal history category that most accurately reflects the defendant's true criminal history." *United States v. Schweihs*, 971 F.2d 1302, 1319 (7th Cir.1992).

In this case the district court properly determined that criminal history category VI most accurately represented the defendant's criminal history. The total of the defendant's criminal history points under the guidelines was 12, which is the highest number for classification in category V. Several of his past offenses were not counted in computing that score. As the district court noted, the defendant's extensive criminal history, if fully counted, "would probably add up to about six points, which would put him in a category VII, if there were a category VII, and it would go beyond the chart." The court acted reasonably under U.S.S.G. § 4A1.3 in departing upward by one level, from category V to category VI.

AFFIRMED.