16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
James H. GUNN, Defendant/Appellant.
 No. 93-2515.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1994.
Decided Feb. 8, 1994.
 
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 James Gunn pleaded guilty to charges of bank fraud, a violation of 18 U.S.C. Sec. 1344, and interstate transportation of stolen property, a violation of 18 U.S.C. Sec. 2314. On appeal Gunn raises several claims regarding an upward departure, the restitution order and the district court's denial of his motion to dismiss for failure to comply with the Speedy Trial Act. We affirm Gunn's conviction and sentence.
 
 A. Notice of Upward Departure
 
 2
 Gunn's argument regarding notice is two-fold. He argues that the court erred by imposing an upward departure sua sponte without prior warning. He also argues that the government breached its plea agreement by recommending an upward departure at the sentencing hearing and suggesting an applicable formula.[1]
 
 
 3
 Relying on Burns v. United States, 111 S.Ct. 2182 (1991), Gunn argues that the district court did not afford him the requisite notice of its intention to depart upwards from the Guidelines. In Burns the United States Supreme Court held that Rule 32 of the Federal Rules of Criminal Procedure requires the district court to provide reasonable notice to the parties if it intends to depart sua sponte from the Guidelines on a ground not submitted by the government or identified in the presentence investigation ("PSI"). Burns, 111 S.Ct. 2182, 2187; see United States v. Jones, 1 F.3d 1167 (11th Cir.1993) (remand necessary because upward departure not mentioned in PSI and not recommended by the government), cert. denied, 62 U.S.L.W. 3492 (1994); United States v. Scroggins, 965 F.2d 480 (7th Cir.1992) (government conceded defendant was not given the proper notification of district court's intention to make upward departure). No problem is presented by Burns when the PSI identifies factors that might warrant an upward departure. United States v. Andrews, 948 F.2d 448, 449 (8th Cir.1991) (discussing Burns ).
 
 
 4
 Gunn claims that, because the government did not recommend an upward departure prior to the hearing and the sentencing court did not provide him with prior notice of its intention to depart, the departure occurred without the prior notice required by Burns. Gunn does not acknowledge that he received notice that an upward departure was possible as early as his receipt of the first version of the PSI. Although the probation officer did not recommend an upward departure prior to the sentencing hearing, the PSI contained a separate section entitled "Factors Warranting Departure" and stated that the high number of criminal history points indicated that Gunn's criminal history may be under-represented by category VI. In his objections to the initial draft of the PSI Gunn objected to the suggestion that an upward departure was warranted. The consistent inclusion in the PSI of factors suggesting an upward departure based on the number of criminal history points and the nature of his prior convictions provided Gunn with notice that the court might consider a departure.
 
 
 5
 Gunn labels the departure section in the PSI a "hypothetical possibility of an upward adjustment", but the section clearly identifies an option that the court could consider in sentencing Gunn and the basis upon which to depart. The purpose of requiring notice of the specific grounds upon which the court is contemplating departure is to prevent the parties from having "to anticipate and negate every conceivable ground on which the district court might choose to depart on its own initiative." Burns, 111 S.Ct. at 2187. The mention in the PSI combined with Gunn's objection to an upward departure serve to show that Gunn had notice that the court might depart on the basis of his criminal history points and the nature of his prior criminal conduct.
 
 
 6
 Gunn also claims that the government breached the plea agreement. The plea agreement states that the maximum sentence for bank fraud is 30 years and the maximum sentence for interstate transportation of stolen goods is 10 years. The agreement further states that "the government may recommend any sentence contemplated by this agreement up to and including the maximum." Contrary to Gunn's assertion, the plea agreement contained no promises that his sentence would be within the anticipated guideline range, only that "the Sentencing Reform Act of 1984 applies. The defendant has discussed the Sentencing Reform Act with his attorney and understands how the guidelines affect any potential sentence he may receive."
 
 
 7
 The probation officer recommended a sentence within the Guidelines with the suggestion that an upward departure could be considered, and when asked by the court, the government agreed with the recommendation. At the sentencing hearing, the judge requested statements regarding "whether or not there should be an upward adjustment on the basis that the criminal history points would indicate that a category VI does not adequately address his criminal history," The government agreed that an upward departure was warranted and suggested an applicable formula, "once the Court decides an upward departure is appropriate." This is not a breach of the plea agreement.
 
 B. Grounds for Upward Departure
 
 8
 The district court has the authority to depart from the Guideline range if:
 
 
 9
 the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.
 
 
 10
 18 U.S.S.G. Sec. 3553(b). This court reviews departures "to ensure that the grounds for the departure were appropriate, that the factual findings underlying the departure were not clearly erroneous, and that the extent of the departure was reasonable." United States v. Panadero, 7 F.3d 691, 695 (7th Cir.1993) (quoting United States v. Tai, 994 F.2d 1204, 1213 (7th Cir.1993)); see 18 U.S.C. Sec. 3742(e)(3); United States v. Dzielinski, 914 F.2d 98, 100 (7th Cir.1990).
 
 
 11
 Gunn argues that the district court improperly relied upon outdated arrest reports without justifying why it believed they were reliable. This argument goes to the "appropriate grounds" component of an upward departure.[2] Gunn's assertion is without support in the record. The sentencing court explained its reasons for departing upwards:
 
 
 12
 I think it's very significant in this case to look at your criminal history. It's one of the longest criminal histories that I've dealt with, quite frankly, in almost 11 years on the bench.
 
 
 13
 The court then recounted Gunn's long history of crime which comprised Gunn's "life's work," and concluded:
 
 
 14
 It seems to me like you give new meaning to the word thief because it appears that that's been your chosen vocation very consistently over the last 20 years.... I don't think that a category VI adequately reflects your criminal record.... I believe that the Court would be justified, based on the number of criminal history points, to go up to a category IX. I'm not going to do that. I'm going to go up two levels to a category VIII, which ... would be a range of 41 to 51 months and I'm going to sentence you to the top of that range.
 
 
 15
 Although the court was influenced by Gunn's criminal record extending beyond the fifteen years allowed in the calculation of the criminal history points under Sec. 4A1.2(e)(1), the court used the number of uncontested criminal history points and the nature of the Gunn's prior criminal conduct to make its determination. The court did not rely exclusively on Gunn's arrest record in imposing the upward departure. See United States v. Williams, 910 F.2d 1574 (7th Cir.1990) (court may not rely solely upon an arrest record as the basis for an upward departure), vacated on other grounds, 112 S.Ct. 1112 (1992). Even if the entire criminal history was taken into consideration, Sec. 4A1.1 authorizes the use of prior dissimilar criminal conduct occurring more than fifteen years prior to the current offense if based on "reliable information." United States v. Connor, 950 F.2d 1267 (7th Cir.1991); Williams, 910 F.2d at 1578; see also Williams, 112 S.Ct. at 1122 (Court declined to resolve circuit split on whether upward departure can be based on dissimilar outdated convictions). Gunn did not make a factual challenge to the conduct listed in the PSI. Furthermore, even if improper information was considered in the decision to depart, remand for resentencing is not necessary unless the improper grounds were relied upon to make departure. Williams, 112 S.Ct. at 1120-21. The sentencing court stated that it was departing on the basis of the nature of Gunn's prior conduct, as a "thief", and the number of criminal history points from his prior convictions; the prior convictions, consisting of robbery, burglary and theft, to name a few, were all reliable conduct justifying an upward departure.
 
 C. Speedy Trial Act
 
 16
 Gunn argues that his rights under the Speedy Trial Act were violated when more than 70 days passed between the day he was brought before a magistrate judge in Nevada and the day he entered his guilty plea.
 
 
 17
 Gunn's claim regarding the Speedy Trial Act is waived. After a defendant enters a guilty plea "non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." United States v. Brown, 870 F.2d 1354, 1358 (7th Cir.1989) (citing McMann v. Richardson, 397 U.S. 759 (1970)); see Borre v. United States, 940 F.2d 215 (1991); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). Claims of speedy trial violations are non-jurisdictional defects which are waived upon a plea of guilty unless expressly reserved for appeal. Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir.1989); United States v. Lo Franco, 818 F.2d 276 (2d Cir.1987); United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992); United States v. Andrews, 790 F.2d 803 (10th Cir.1986), cert. denied, 481 U.S. 1018 (1987); United States v. Tiemens, 724 F.2d 928 (11th Cir.1984), cert. denied, 469 U.S. 837 (1984); United States v. Yunis, 723 F.2d 795 (11th Cir.1984). Cf. United States v. Asubonteng, 895 F.2d 424 (7th Cir.1990) (defendant reserved right to appeal district court's denial of motion to dismiss indictment pursuant to Speedy Trial Act), cert. denied, 494 U.S. 1089 (1990). Gunn did not reserve the right to appeal his challenge to the Speedy Trial Act.[3]
 
 D. Restitution Order
 
 18
 As part of his sentence, Gunn was ordered to pay $2400 in restitution; the court also ordered him to sell his Snap-On tools and apply the proceeds to the restitution within six months. Gunn does not dispute the amount of restitution, but rather the manner. Gunn argues that the court abused its discretion by ordering him to sell the tools which he would need to support himself upon his release from prison. The government argues that Gunn waived his challenge to the restitution order because he did not object in the district court. Although the judge did not solicit objections, Gunn's attorney did have an opportunity after the pronouncement of the sentence to request that Gunn be released for three days to get his personal affairs in order, and he could have objected at that time.
 
 
 19
 Because Gunn did not object, we review the district court's determination for plain error. Fed.R.Crim.P. 52(b); United States v. Rivero, 993 F.2d 620, 623 (7th Cir.1993). We reverse for plain error "only when ... convinced that it is necessary to avert an actual miscarriage of justice." United States v. Jackson, 974 F.2d 57, 60 (1992) (quoting United States v. Silverstein, 732 F.2d 1338, 1349 (7th Cir.1984), cert. denied, 469 U.S. 1111 (1985)), cert. denied, 113 S.Ct. 2976 (1993). The district court may order any condition, including restitution, it considers to be appropriate. 18 U.S.C. Sec. 3583(d). By ordering the sale of Gunn's tools, the district court did not commit a miscarriage of justice.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Gunn's argument regarding the breach of the plea agreement is developed only in his reply brief; however, he does mention the government's agreement and its attempts to "sandbag the Defendant on a plea" in his main brief
 
 
 [2]
 Gunn does not challenge the factual basis for the departure or the degree of departure
 
 
 [3]
 Although not mentioned in either brief, the record reveals that at the hearing on the motion to dismiss, the court determined that the amount of time that it took to move Gunn from Nevada to Illinois was "unacceptable." The court denied the motion to dismiss but offered to move the trial forward to December 30, 1992, in order to stay within the 70-day limit (several days were excludable for travel and pre-trial motions). Gunn declined and requested a continuance due to his inability to proceed on December 30. The court made a finding that to deny the continuance would interfere with Gunn's ability to prepare and that in the interest of justice the trial should be continued. The court also ordered that the period of time between the hearing and February 1 would be excluded for purposes of the Speedy Trial Act. The parties agreed