101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fredrick R. HANNAH, Plaintiff-Appellant,
v.
Jerry D. GILMORE, Defendant-Appellee.
 No. 95-3823.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.*
Decided Oct. 31, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Appellant Fredrick Hannah, an inmate of the Hill Correctional Center, brought this civil rights action in district court pursuant to 42 U.S.C. § 1983. Appellant claims that the warden, Appellee Jerry Gilmore, violated appellant's Eighth Amendment right to be free from cruel and unusual punishment by failing to provide guard staff adequate to respond to and prevent inmate attacks on other inmates. The district court granted appellee's motion to dismiss, and Hannah appeals from the judgment. We affirm.
 
 
 2
 Hannah alleges that he suffered two consecutive attacks by other inmates within a short period of time during which three guards were on duty, and that the lack of additional guards prohibited them from rescuing him from the first attack, and prevented the guards from avoiding the second attack. He further alleges that the appellee Gilmore, the warden, has a policy of understaffing in order to save the state money and earn a bonus. Hannah's theory of the action appears to be that the policy is so unreasonable in its disregard of the obvious risk of inmates being able to injure other inmates that it constitutes cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 3
 Prison conditions and the treatment of prison inmates are subject to the Eighth Amendment. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). Specifically, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Wilson v. Seiter, 111 S.Ct. 2321, 2326-2327 (1991). Attacks on inmates by other inmates are not part of the sentence for the crime of which the injured inmate was convicted. Farmer, 114 S.Ct. at 1977. However, as in this case, not every such attack warrants constitutional liability of prison officials. Id. Liability of prison officials for violating the Eighth Amendment rights of inmates turns on the standard of deliberate indifference. Id.
 
 
 4
 The deliberate indifference test requires that the prison official allegedly responsible for the constitutional deprivation had actual knowledge of an impending or likely deprivation and that the official intentionally disregarded that knowledge, or that the official disregarded factors that obviously inferred the likelihood of the deprivation. Farmer, 114 S.Ct. at 1976, 1979. The level of recklessness must be tantamount to criminal recklessness with its requirement of a subjective mens rea. Farmer, 114 S.Ct. at 1979. Gross negligence does not reach the deliberate indifference standard. Haley v. Gross, 86 F.3d 630, 644 (7th Cir.1996). The recklessness standard for deliberate indifference in Eighth Amendment claims is not that the official could be liable because he should have known, but that he cannot escape liability if it is determined that he must have known because the risk involved was so obvious. Farmer, 114 S.Ct. at 1982.
 
 
 5
 The deliberate indifference test also requires that in order for a prison official to be liable for a § 1983 violation the official must have been directly responsible for the occurrence of the alleged deprivation. Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983). The official must have had personal involvement or participation indicating a causal connection between the official's conduct and the alleged deprivation. Id.
 
 
 6
 Hannah has failed to allege that Gilmore had actual knowledge of any impending or likely harm against Hannah. Instead, Hannah alleges a policy of understaffing which he contends constitutes deliberate indifference to his safety within the meaning of the Eighth Amendment.
 
 
 7
 While a policy adopted by prison officials could violate the Eighth Amendment, to survive dismissal the complaint would have to allege at a minimum that the policy was adopted with the subjective intent to inflict harm. Farmer, 114 S.Ct. at 1976. Hannah has made no such allegation, nor do we believe any amendment to the pleading could cure this defect. When Hannah tendered an affidavit in opposition to Gilmore's motion to dismiss, the district court gave both parties an opportunity to submit any other relevant evidence. When none was filed the district court reviewed the complaint and affidavit for sufficiency under Rule 12(b)(6). The court properly determined that Hannah failed to plead an actionable Eighth Amendment violation.
 
 
 8
 Hannah's other argument on appeal, that the alleged staffing policy violates his constitutional right to equal protection, is plainly without merit. United States v. Anderson, 72 F.3d 563, 564 (7th Cir.1995) (issues plainly without merit do not warrant discussion); Shango v. Jurich, 681 F.2d 1091, 1103-1104 (7th Cir.1982) (plaintiff must demonstrate intentional or purposeful invidious classification and discrimination to show an equal protection violation).
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)