103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth STEWART, Plaintiff-Appellant,
v.
Christian DEBRUYN, et al., Defendants-Appellees.
 No. 96-1643.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 19, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Stewart, an inmate at the Maximum Control Complex (MCC) in Westville, Indiana, appeals from a judgment on the pleadings under Rule 12 dismissing his § 1983 action which alleged violations of his Eighth and Fourteenth Amendments rights. He also appeals the district court's decision to grant defendants' motion to set aside an entry of default in favor of Stewart.
 
 
 2
 The central underlying argument raised by Stewart in his complaint and on appeal is that his transfer from one prison to another, prior to the outcome of an appeal he asserted in opposition to his pending transfer, violated the Fourteenth Amendment. Stewart concedes that the law is well settled that an inmate has no constitutional liberty interest whatsoever in being incarcerated in one prison as opposed to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Stewart also concedes that Indiana has not created a liberty interest to be free from prison transfers. Shropshire v. Duckworth, 654 F.Supp. 369, 373 (7th Cir.1987). Instead, Stewart relies upon a court-approved Agreed Entry governing the conditions of MCC, which resulted from a class action. Taifa v. Bayh, N.D.Ind.Cause No. 3:92-cv-429 AS (February 11, 1994). Stewart argues that the Taifa agreement prohibits any inmate transfers to MCC prior to the consideration of an appeal of such a decision to transfer, and that violation of that provision of the Agreed Entry invokes the Due Process Clause.
 
 
 3
 In Sandin v. Conner, --- U.S. ----, 115 S.Ct. 2293, 2300 (1995), the Supreme Court explained that the test for determining if a state, through promulgating procedures or regulations, has created a liberty interest protected by the Due Process Clause turns on whether or not the interest is in freedom from restraint of the sort which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300. The Court in Sandin expressly endorsed its earlier due process analysis in Meachum. Id. Since Sandin, this court has also had the opportunity to consider again and subsequently confirm that inmate transfers, even to harsher institutions, are not beyond the typical expectations of the ordinary incarceration experience, and therefore do not create a liberty interest under Sandin. Whitford v. Boglino, 63 F.3d 527, 532-33 (7th Cir.1995). Accordingly, procedures respecting inter-prison inmate transfers do not implicate constitutional rights.
 
 
 4
 Procedural requirements enumerated in a court-approved settlement must address an interest sufficient to constitute a protected liberty interest in order to be subject to the Due Process Clause. Sandin, 115 S.Ct. at 2299 (the nature of the deprivation determines the outcome of liberty interest inquiry). Since inter-prison transfers are not so protected, the Agreed Entry procedure for withholding from transfer until an appeal is considered is not subject to constitutional enforcement.
 
 
 5
 Stewart's third argument, that he has suffered Eighth Amendment violations since his arrival at MCC, is without merit and need not be discussed. United States v. Anderson, 72 F.3d 563, 564 (7th Cir.1995) (issues plainly without merit do not warrant discussion). Stewart has alleged only that he suffers excessive tiredness, mental depression, constant fatigue, irritable moods and agitation. In order to raise a cognizable cruel and unusual punishments claim, a prisoner must allege official deliberate indifference to sufficiently serious needs of inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1976-77 (1994). This Stewart has not done.
 
 
 6
 Finally, we think the district court did not abuse its discretion in setting aside the default judgment. The decision below is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)