107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony J. HOOD, Petitioner-Appellant,
v.
STATE OF WISCONSIN DEPARTMENT OF CORRECTIONS, Respondent-Appellee.
 No. 95-2657.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 05, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Anthony Hood was convicted in Wisconsin of sexually assaulting a five-year-old child. On appeal, the Court of Appeals of Wisconsin[1] agreed in full with counsel's no-merit brief and denied Hood relief. The Supreme Court of Wisconsin denied review. Hood then filed a petition in federal court seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The district court denied the petition, which judgment Hood presently appeals. For the reasons set forth below, we affirm the judgment of the district court.[2]
 
 
 2
 Hood's brief to this court raises many contentions; however, we are at liberty to review only those issues which were also presented to the district court.[3] United States ex rel. Cole v. Lane, 752 F.2d 1210, 1219-20 (7th Cir.1985) (the Court of Appeals does not review issues raised for the first time on appeal), cited in Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir.1995); Williams v. A.L. Turner, 5 F.3d 1114, 1116 (7th Cir.1993); Holleman v. Duckworth, 700 F.2d 391, 394-95 (7th Cir.1983) (quoting Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.1977).
 
 
 3
 Hood's surviving arguments are easily addressed. First, Hood's trial counsel was not ineffective for failing to secure and introduce various sorts of medical evidence that no sexual contact occurred.[4] The parties stipulated that there was no scientific evidence of sexual contact. State of Wisconsin v. Hood, No. 94-0225-CR-NM, order at 4 (Wis.Ct.App. Dec. 6, 1994). Additional evidence was unnecessary and therefore lack of such evidence was not prejudicial. A viable claim of ineffective assistance of counsel requires that the defendant suffered prejudice as a result of the attorney's alleged deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Hood misunderstands his trial counsel's subsequent attempt at trial to elicit damaging testimony from the child-victim's mother. Counsel's examination of the mother was to undermine her credibility and the credibility of her daughter, not to prove that there was no medical evidence of sexual contact.
 
 
 4
 Second, Hood contends that his appellate counsel was ineffective due to a conflict of interest arising from the fact that both his appellate and trial counsel were from the same public defender's office. Hood's suspicions,[5] however, are of no import because the no-merit brief proved sound. The Court of Appeals of Wisconsin agreed with Hood's appellate counsel as to the lack of merit of an appeal. State of Wisconsin v. Hood, No. 94-0225-CR-NM (Wis.Ct.App. Dec. 6, 1994). Appellate counsel's decision to file a no-merit brief instead of prosecuting claims lacking merit cannot be considered deficient performance,[6] and did not result in prejudice to Hood in any event. Strickland, 466 U.S. at 687. See also Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir.1993) (counsel cannot be ineffective for failing to raise meritless claims).
 
 
 5
 Hood's third argument is that the prosecutor at his trial made improper statements during closing arguments. However, the Court of Appeals of Wisconsin found that the remarks in question were comments on the evidence. State of Wisconsin v. Hood, No. 94-0225-CR-NM, order at 8-9 (Wis.Ct.App. Dec. 6, 1994). According to 28 U.S.C. § 2254(e)(1), state court determinations of factual issues shall be presumed to be correct unless the petitioner proves otherwise by clear and convincing evidence.[7] Hood has offered no evidence to suggest that the finding of the Court of Appeals of Wisconsin was in error. Discussing evidence during closing statements is acceptable argument. See United States v. Young, 470 U.S. 1, 7-8 n. 3 (1985).
 
 
 6
 Finally,[8] Hood contends that the evidence was insufficient to sustain his conviction. Our review of this issue asks whether, after viewing "the record evidence adduced at trial" in the light most favorable to the prosecution, any "rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 207, 324 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. at 319. In light of the stipulation that there was no medical or scientific evidence that the sexual contact occurred, the credibility of the parties and witnesses became dispositive. The jury was entitled to believe the testimony of the child-victim and her mother over that of Hood.[9]
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 While waiting for the Supreme Court of Wisconsin to rule on a matter pertinent to no-merit briefs, Hood's counsel initially failed to timely file the notice of appeal and subsequently the Court of Appeals of Wisconsin denied counsel's motion to extend the time to file a no-merit brief, apparently resulting in Hood having no opportunity to prosecute a direct appeal. However, the Court of Appeals of Wisconsin, in response to Hood's motion for post-conviction relief, then extended the time to file, and the appeal proceeded accordingly. See State of Wisconsin ex rel. Anthony J. Hood v. State of Wisconsin Department of Corrections, No. 93-2990-W, order at 2-3 (Wis.Ct.App. Nov. 23, 1993)
 
 
 [2]
 As the government argued, Hood's brief to this court is patently deficient according to Fed.R.App.P. 28(a). It does not contain a jurisdictional statement, table of contents, statement of issues, statement of facts with reference to the record, statement of the case, or summary of the argument. Yet it is a lengthy sixteen pages of single space type. While this extensive composition is confusing, it is nevertheless sufficient for us to discern the challenges he raises here
 
 
 [3]
 For example, Hood argues ineffective assistance of trial counsel for failure to attack the credibility of the child witness. Hood presses numerous ineffective assistance of appellate counsel arguments based on grounds other than that preserved relating to conflict of interest. Hood charges that the trial court abused its discretion in admitting hearsay testimony, and in excluding evidence of prior sexual activity of the five-year-old victim. He further claims that the trial court imposed an unduly harsh and excessive sentence. Some of these contentions were raised in state court, but Hood raised none of them in his petition to the district court. Finally, Hood claims that his conviction was unconstitutional inasmuch as the crime charged was actually a lesser included offense of the crime of conviction. The district court properly determined that Hood had not exhausted this claim in state court and denied a certificate of appealability as to this issue
 
 
 [4]
 Hood urges that his counsel should have interviewed persons from the sexual assault center or crime lab as potential defense witnesses, arranged for an independent medical examination, and introduced expert medical testimony
 
 
 [5]
 Presumably Hood believes in some sort of conspiratorial effort against him by the public defender's office, perhaps that his appellate counsel decided to file a no-merit brief instead of prosecuting an appeal in order to avoid causing her colleague to be the subject of an ineffective assistance of trial counsel charge
 
 
 [6]
 In Anders v. California, 386 U.S. 738, 744 (1967), the Supreme Court recognized the duty attorneys owe to the courts not to press frivolous claims and protected that duty as it relates to attorneys representing indigent clients
 
 
 [7]
 Section 2254(e)(1), (formerly § 2254(d)), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996), applies to Hood's petition. Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc). However, even under the prior standard of reviewing state court findings of fact, we would defer to the Wisconsin courts' determinations in this case
 
 
 [8]
 At the end of his brief, Hood summarily raises four "issues in federal court." Pet.Br. at 16. The first two (that the district court made no factual or legal conclusions and that the district court cannot apply 28 U.S.C. 2254(e)(1) because Hood never received an evidentiary hearing) are without merit and need not be discussed. United States v. Anderson, 72 F.3d 563, 564 (7th Cir.1995) (issues plainly without merit do not warrant discussion). The second two are unclear in that they do not specify the contention, and therefore cannot be addressed
 
 
 [9]
 The section in Hood's brief devoted to this argument seems to focus on an entirely different argument, that his conviction is unconstitutional as the charged offense was a lesser included offense of the crime of conviction. As previously noted, this issue is not before us. See supra, note 3