165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES, Plaintiff-Appellee,
v.
David Leslie NORMAN, Defendant-Appellant.
 No. 98-1922.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998.*
Decided Nov. 6, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 97 CR 40029. Michael M. Mihm, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 David L. Norman was indicted on 25 counts of mailing threatening communications in violation of 18 U.S.C. § 876. Pursuant to an oral plea agreement. Norman pleaded guilty to six of the counts and the remainder were dismissed. The district court sentenced Norman to a total of 96 months' imprisonment. Norman's attorney filed a notice of appeal but now seeks to withdraw under Anders v. California. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). because he believes the appeal has neither merit nor possibility of success. Although Norman was notified of his opportunity to respond to the Anders motion pursuant to Circuit Rule 51(a), he has not done so. Counsel's brief is adequate on its face, so we limit review of the record to the potential issues Norman's counsel has identified. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Counsel's potential bases for appeal are all grounded in the calculation of Norman's sentence. The base offense level for each of the counts of conviction was set at twelve. See U.S.S.G. § 2A6.1. Two levels were added to count one, mailing threatening letters to Rusty Cunningham, because Norman's offense involved more than two threats. U.S.S.G. § 2A6.1(b)(2). Three levels were added to counts twenty-four and twenty-five, mailing threatening letters to U.S. District Judge J. Phil Gilbert, because the victim was a government official. U.S.S.G. § 3A1.2(a). The other three counts remained at offense level twelve. All six counts produced a combined adjusted offense level of nineteen. U.S.S.G. § 3D1.2 & § 3D1.4. The district court declined to adjust downward for acceptance of responsibility under U.S.S.G. § 3E1.1, so Norman's total offense level was nineteen. The district court departed upwards three levels for substantial interference with the administration of justice under U.S.S.G. § 5K2.7, bringing Norman's offense level total to twenty-two. The probation office calculated his criminal history points at eight, producing a criminal history category of IV, but the district court departed upwards and placed Norman in criminal history category V to reflect more accurately his criminal history. See § 4A1.3.
 
 
 3
 First, counsel addresses the district court's denial of a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. "The district court's acceptance of responsibility determination is a factual finding, which we review for clear error." United States v. Gibson, No. 97-2313, 155 F.3d 844, 1998 WL 473020.* 4 (7th Cir. Aug. 14, 1998). Furthermore, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5): United States v. Boatner, 99 F.3d 831, 839 (7th Cir.1996). Norman continued to mail threatening letters, even while awaiting sentencing on his guilty plea. One of the defense's expert witnesses, a forensic psychiatrist, testified that Norman suffered from personality disorders due to frontal lobe head injuries he sustained when at age nine he was hit by a car. According to the expert, this injury caused Norman to engage in criminal behavior in that, although competent to stand trial, Norman experienced periodic spells of insanity, including when he sent the post-plea threatening letters. However, the district court rejected the expert's testimony and found that Norman was in control of his faculties when he continued to send threatening letters even while he awaited sentencing on his guilty plea. Post-indictment criminal activity is inconsistent with acceptance of responsibility, even if unrelated to the crime of conviction. United States v. Kirkland, 28 F.3d 49, 50-51 (7th Cir.1994). Because the district court judge did not err in finding that Norman continued to engage in criminal conduct, the same for which he was being sentenced, this issue would be frivolous if raised on appeal.
 
 
 4
 The second potential ground for appeal that counsel identifies is that the district court erred in not granting Norman a downward departure under U.S.S.G. § 5K2.13 for diminished mental capacity. The parties and the district court all agreed that Norman did suffer from some degree of mental illness due to his childhood head injury.[1] However, § 5K2.13 is only applicable if the sentence is for a non-violent offense. Here, Norman is being sentenced for sending threatening letters in violation of 18 U.S.C. § 876. This court has held that, for the purposes of downward departure under § 5K2.13, sending threatening communications is a crime of violence. See United States v. Sullivan, 75 F.3d 297, 300 (7th Cir.1996); United States v. Poff, 926 F.2d 588 (7th Cir.1991) (en banc). Therefore, this issue has no merit on appeal.
 
 
 5
 Counsel also identified as potentially appealable the district court's upward departure in Norman's criminal history category. We review the district court's decision to depart upward under the Sentencing Guidelines for an abuse of discretion. Koon v. United States, 518 U.S. 81, 98-100, 116 S.Ct. 2035, 135 L.Ed.2d 392, (1996); United States v. King, 150 F.3d 644, 649-50 (7th Cir.1998). That standard includes a "review to determine that the discretion was not guided by erroneous legal conclusions." Koon, 518 U.S. at 100. The district court reasoned that Norman's criminal history category of IV did "not adequately reflect the seriousness of [his] past criminal conduct or the likelihood that [he] will commit other crimes." See U.S.S.G. § 4A1.3. The court based this conclusion on the fact that Norman had a prior conviction for mailing threatening communications, had mailed threatening letters while awaiting sentencing in this case, and was unlikely to cease mailing threatening letters in the future. In United States v. Schmude, 901 F.2d 555 (7th Cir.1990), this court adopted the position that if the defendant has a prior conviction similar to the one for which he is being sentenced, an upward departure from the Guidelines based upon a finding of inadequate criminal history is warranted. See also United States v. Ewing, 129 F.3d 430, 438 (7th Cir.1997); United States v. Anderson, 72 F.3d 563, 566 (7th Cir.1995) (finding that previous convictions for similar crimes constituted "a clear ground for a heavier sentence"). Therefore this potential issue would be frivolous if raised.
 
 
 6
 Finally, counsel identifies the possible argument that the district court abused its discretion in adding three points to Norman's offense level pursuant to U.S.S.G. § 5K2.7 for disruption of a governmental function. One of the letters Norman sent to Judge Gilbert was a bomb threat mailed to the federal courthouse in Benton, Illinois. This letter caused security officers to evacuate the building, bring in bomb-sniffing dogs from a nearby military base, and have the bomb squad spend the entire day searching the building. The district court judge relied only on these permissible factors, outlined in the pre-sentence report, in deciding to depart upwards. Therefore, our review is limited to whether the extent of the departure was reasonable. United States v. Horton, 98 F.3d 313, 317-319 (7th Cir.1996) (appellate court's authority to review the reasonableness of an upward departure is established in 18 U.S.C. § 3742(e)(3) and thus is not limited by Koon ). As this court observed in Horton, "upward departures of more than two levels should be explained 'with a care commensurate with their exceptional quality." ' Id. at 318 (quoting United States v. Ferra, 900 F.2d 1057, 1064 (7th Cir.1990)). The district court did explain why it considered U.S.S.G. § 2J1.2(b)(2), the adjustment for obstruction of justice, as a sound analogy for the purpose of assessing the degree of disruption caused by Norman's conduct, specifically because Norman caused the "unnecessary expenditure of substantial governmental or court resources" as defined in Application Note 1 of that section. Because a three-point increase is prescribed by § 2J1.2(b)(2), it was not an abuse of the district court's discretion to impose it. Therefore, this argument too would be frivolous on appeal.
 
 
 7
 For these reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(e); Cir. R. 34(f)
 
 
 [1]
 Although a defense of insanity, which was considered, likely would not have succeeded in this case, a mental hospital is probably the appropriate place for Norman. Regardless, the district court was very concerned with the danger Norman posed to other persons and properly exercised its discretion in deciding to incarcerate him for as long as possible to protect the public